# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| H.N., | No. CV-25-04819-PHX-SHD (JFM) |
| Petitioner, | **ORDER** |
| v. | |
| David R Rivas, et al., | |
| Respondents. | |

Petitioner filed a Petition for Writ of Habeas Corpus under § 2241. (Doc. 1.) The Court will require Respondents to show cause why the Petition should not be granted.

**I.   Background**

Petitioner is a citizen of Afghanistan who has been in Immigrations and Customs Enforcement detention for over 14 months. (Doc. 1 ¶ 13.) He entered the United States on September 23, 2024 and was taken into custody. He was issued a final order of removal on May 9, 2025 and waived appeal. Respondents have been unable to remove Petitioner to Afghanistan or Austria, which were the countries listed in Petitioner's removal order.

Petitioner therefore argues his detention violates 8 U.S.C. § 1231(a)(6) and the Fifth Amendment because there is no reasonable probability of his removal in the reasonably foreseeable future. (*Id.* ¶¶ 52-70.) Petitioner further argues his detention without any periodic custody reviews violates the Administrative Procedure Act. (*Id.* ¶¶ 71-73.) Finally, Petitioner alleges his potential removal to any third country violates

his due process rights because he has not received proper notice of the proposed third country or an opportunity to request relief from removal to that country. (*Id.* ¶¶ 74-77.)

## II.     Order to Show Cause

The United States Supreme Court has held that 8 U.S.C. § 1231 "does not permit indefinite detention." *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001). The Supreme Court found 8 U.S.C. § 1231(a)(6) "implicitly limits an alien's detention to a period reasonably necessary to bring about that alien's removal from the United States and does not permit indefinite detention." *Zadvydas*, 533 U.S. at 679. It held that six months is a presumptively reasonable period, but "[a]fter this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the government must respond by either rebutting that showing or releasing the alien. *Id.* at 701; *Johnson v. Guzman Chavez*, 594 U.S. 523, 529 (2021). The "six-month presumption" "does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701.

Petitioner's post-removal order detention began on May 9, 2025 and has reached the threshold identified in *Zadvydas* as presumptively prolonged. The length of Petitioner's detention—now eight months—as well as Respondents' apparent inability to remove him to either Afghanistan or Austria is sufficient to meet his initial burden that his removal is not significantly likely to occur in the reasonably foreseeable future.

Thus, the burden shifts to the Respondents to establish it is likely Petitioner will be removed in the reasonably foreseeable future. The Court will require Respondents to show cause why the Petition should not be granted. Respondents' response must be supported by documentary evidence and, if applicable, affidavits by individuals with personal knowledge of the facts contained therein and signed under the penalty of perjury.

///

**IT IS ORDERED:**

(1) Counsel for Petitioner must immediately serve the Petition upon Respondents.

(2) If not already issued, the Clerk's Office must issue any properly completed summonses.

(3) The Clerk of Court must immediately transmit by email a copy of this Order and a copy of the Petition to the United States Attorney for the District of Arizona, to the attention of Katherine Branch at katherine.branch@usdoj.gov, Melissa Kroeger at melissa.kroeger@usdoj.gov, Lon Leavitt at lon.leavitt@usdoj.gov, and Theo Nickerson at theo.nickerson2@usdoj.gov.

(4) Respondents must show cause no later than **January 16, 2026** why the Petition should not be granted. Petitioner may file a reply no later than **January 20, 2026**.

Dated this 9th day of January, 2026.

_____
Honorable Sharad H. Desai
United States District Judge