# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| H.N., | No. CV-25-04819-PHX-SHD (JFM) |
| Petitioner, | |
| v. | **ORDER** |
| David R. Rivas, et al., | |
| Respondents. | |

On December 20, 2025, Petitioner, through counsel, filed a habeas corpus petition under 28 U.S.C. § 2241 seeking release from immigration detention. (Doc. 1). By Order dated January 9, 2026, the Court ordered Respondents to show cause for why the Petition should not be granted. (Doc. 4). The parties have now responded to that Order and the Petition. (Docs. 6, 7). For the reasons that follow, the Court will grant the Petition and order that Petitioner be immediately released from custody.

**I.     Background**

Petitioner is a native of Afghanistan who entered the United States on September 23, 2024, and was taken into custody that same date. (Doc. 6-1 ¶ 4). Petitioner expressed fear of returning to Afghanistan, and was given a credible fear interview. (*Id.* ¶ 5). On October 24, 2024, it was determined that Petitioner had a credible fear of returning to Afghanistan, and his case was referred to an immigration judge (IJ). (*Id.* ¶¶ 5-6). On May 9, 2025, the IJ denied Petitioner's request for asylum, and ordered that he be removed to Austria or, in the alternative, to Afghanistan. (*Id.* ¶ 7). Petitioner waived appeal, and the

removal order became final that same day. (*Id.*). On June 6, 2025, Respondents were informed that Austria would not accept Petitioner, and, as a result, "Petitioner cannot be returned to Austria." (*Id.* ¶ 9). On or about July 10, 2025, ICE submitted a travel document request to Afghanistan. (*Id.* ¶ 11). On September 19, 2025, and again on December 19, 2025, ICE requested an update on the travel document request. (*Id.* ¶ 12). To date, ICE has not received a response to either its initial July 10, 2025 request, or its subsequent update requests. (*Id.* ¶¶ 11-12). "At this time, ICE is still in the process of identifying third countries that may be willing to accept Petitioner for removal." (*Id.* ¶ 13).

As of the date of this Order, Petitioner remains detained by ICE.

## II.   Legal Standard

Petitioner's continued detention is governed by 8 U.S.C. § 1231 and *Zadvydas v. Davis*, 533 U.S. 678 (2001). Under § 1231(a)(1), the Government has 90 days in which to remove an alien once a removal order becomes final. Detention during this removal period is mandatory. 8 U.S.C. § 1231(a)(2). If the Government is unable to effect removal within the 90-day removal period, however, continued detention of aliens such as Petitioner becomes discretionary. 8 U.S.C. § 1231(a)(6). That discretion, however, is not unfettered, and indefinite detention is not permitted. *Zadvydas*, 533 U.S. at 689 (8 U.S.C. § 1231(a)(6) "does not permit indefinite detention."). This is not to say that every alien like Petitioner must be released once the 90-day removal period has expired. 533 U.S. at 701. Rather, the Supreme Court in *Zadvydas* recognized an implicit post-§ 1231(a)(2) period in which continued detention is "presumptively reasonable" and does not violate the Fifth Amendment. *Id.* The *Zadvydas* Court concluded that this "presumptively reasonable" period extends for no more than 6-months once an order of removal becomes final (including the 90-day mandatory detention period under § 1231(a)(2)). *Id.* Thereafter, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* If, after considering the evidence, the Court finds that "removal is not reasonably foreseeable, the court should hold continued detention

unreasonable and no longer authorized by statute." *Id.* at 699.

### III. Discussion

Here, Petitioner's removal order became final on May 9, 2025. As such, the § 1231(a) period began to run on that date, and expired 90 days later on approximately August 9, 2025. At that point, the post-§ 1231(a) *Zadvydas* period began to run, and expired no more than 90 days later on approximately November 5, 2025. Accordingly, as of the date of this Order, Petitioner has been detained beyond the "presumptively reasonable" period articulated in *Zadvydas*. As such, to obtain relief Petitioner must first provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," and, if he does so, Respondents "must respond with evidence sufficient to rebut that showing." *Id.*

Petitioner argues that there is good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future because Respondents have determined that he "cannot be returned to Austria," Afghanistan has not responded to any of their requests, and they have been unable to even identify a third country for removal, let alone found one that will accept him. The Court agrees. For the same reasons, the Court also concludes that Respondents have failed to rebut this showing with sufficient evidence. On the record presented, no evidence supports that there is a significant likelihood that Petitioner will be removed to Austria, Afghanistan, or any other country in the reasonably foreseeable future. Accordingly, the Court will grant the Petition to the extent Petitioner seeks relief pursuant to *Zadvydas*.

**IT IS THEREFORE ORDERED** that:

(1) The Petition for Habeas Corpus (Doc. 1) is **granted** to the extent Petitioner seeks relief pursuant to *Zadvydas*, and is otherwise dismissed without prejudice.

(2) Respondents must **IMMEDIATELY RELEASE** Petitioner from custody.

(3) Within **48 HOURS** of this Order, Respondents must file a Notice of Compliance.

. . . .

    (4)    The Clerk of Court must enter judgment accordingly, and close this case.

Dated this 10th day of February, 2026.

_____
Honorable Sharad H. Desai
United States District Judge